Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

EUSEBIO RAMIREZ, IGNACIO GALENO, JOSE
BASURTO-VAZQUEZ, JORGE LUIS VILLA MEDEL,
JOSE EDWIN MENDEZ, BERNARDO CASTILLO
ZAMORA, JAIME AGUDO, and FRANCISCO MERINO,
individually, and on behalf of all others similarly situated,

          **CLASS/COLLECTIVE
          ACTION COMPLAINT**

                Plaintiffs,

-against-

          JURY TRIAL
          DEMANDED

1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN
VILLAGE PIZZA, FAMOUS ITALIAN VILLAGE INC.
d/b/a ITALIAN VILLAGE PIZZA, JGL RESTAURANT
CORP. d/b/a ITALIAN VILLAGE PIZZA, and JOSEPH
NOTARO, and JOSE LEON, as individuals,

                Defendants.

-----------------------------------------------------------------------X

      Plaintiffs, **EUSEBIO RAMIREZ, IGNACIO GALENO, JOSE BASURTO-VAZQUEZ, JORGE LUIS VILLA MEDEL, JOSE EDWIN MENDEZ, BERNARDO CASTILLO ZAMORA, JAIME AGUDO, and FRANCISCO MERINO, individually, and on behalf of all others similarly situated**, by their attorneys, Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

      1. Plaintiffs, **EUSEBIO RAMIREZ, IGNACIO GALENO, JOSE BASURTO-VAZQUEZ, JORGE LUIS VILLA MEDEL, JOSE EDWIN MENDEZ, BERNARDO CASTILLO ZAMORA, JAIME AGUDO, and FRANCISCO MERINO, individually, and on behalf of all others similarly situated** (hereinafter, "Plaintiffs"), by and through undersigned

counsel, bring this action against Defendants **1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN VILLAGE PIZZA, FAMOUS ITALIAN VILLAGE INC. d/b/a ITALIAN VILLAGE PIZZA**, and **JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA**, (hereinafter, the "Corporate Defendants," or "Italian Village"), and **JOSEPH NOTARO**, and **JOSE LEON, as individuals** (collectively hereinafter, the "Defendants"), to recover damages for the Defendants' egregious violations of state and federal wage and hour laws arising out of the Plaintiffs' employment by the Defendants at their place of employment located at 1494 1st Avenue, New York, New York 10075, and/or 1526 1st Avenue, New York, New York 10075, Italian Village's main premises prior to in or around February 2017.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff EUSEBIO RAMIREZ residing at 104-35 43rd Road, Corona, New York, has been employed by the Defendants to work at Italian Village from in or around January 1999 to the present.

8. Plaintiff IGNACIO GALENO residing at 424 East 116th Street, New York, New York, has been employed by the Defendants to work at Italian Village from in or around June 2010 to present.

2

9.   Plaintiff JOSE BASURTO-VAZQUEZ residing at 2371 2nd Avenue, New York, New York, has been employed by the Defendants to work at Italian Village from in or around February 2012 to present.

10. Plaintiff JORGE LUIS VILLA MEDEL residing at 1113 Ward Avenue, Bronx, New York, was employed by the Defendants to work at Italian Village from in or around February 2019 to in or around March 2020.

11. Plaintiff JOSE EDWIN MENDEZ residing at 1781 Lexington Avenue, New York, New York, was employed by the Defendants to work at Italian Village from in or around September 2016 to in or around March 2020.

12. Plaintiff BERNARDO CASTILLO ZAMORA residing at 452 East 117th Street, Harlem, New York, was employed by the Defendants to work at Italian Village from in or around January 2016 to in or around November 2019.

13. Plaintiff JAIME AGUDO residing at 4134 52nd Street, Woodside, New York, was employed by the Defendants to work at Italian Village from in or around January 2001 to in or around November 2019.

14. Plaintiff FRANCISCO MERINO residing at 100-22 39th Avenue, Corona, New York, was employed by the Defendants to work at Italian Village from in or around September 1999 to in or around November 2019.

15. Defendant 1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN VILLAGE PIZZA is a corporation organized under the laws of New York with a principal executive office located at 1494 1st Avenue, New York, New York 10075.

16. Defendant 1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN VILLAGE PIZZA is a corporation authorized to conduct business under the laws of the State of New York.

17. Defendant FAMOUS ITALIAN VILLAGE INC. d/b/a ITALIAN VILLAGE PIZZA is a corporation organized under the laws of New York with a principal executive office located at 1526 1st Avenue, New York, New York 10075.

18. Defendant FAMOUS ITALIAN VILLAGE INC. d/b/a ITALIAN VILLAGE PIZZA is a corporation authorized to conduct business under the laws of the State of New York.

19. Defendant JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA is a corporation organized under the laws of New York with a principal executive office located at 1494 1st Avenue, New York, New York 10075.

20. Defendant JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA is a corporation authorized to conduct business under the laws of the State of New York.

21. Defendant JOSEPH NOTARO is and/or was the owner of the Corporate Defendants during the times relative to the allegations contained within this Complaint.

22. In or around 2017, Defendant JOSEPH NOTARO relocated Corporate Defendants' business premises, moving it from 1526 1st Avenue, New York, New York 10075 to 1494 1st Avenue, New York, New York 10075.

23. Upon information and belief, in or around 2017, Defendant JOSEPH NOTARO sold all or a part of his interest in the Corporate Defendants, to Defendant JOSE LEON.

24. Defendant JOSEPH NOTARO is the chief executive officer of the Corporate Defendants during the times relative to the allegations contained within this Complaint.

25. Defendant JOSEPH NOTARO is the owner of the Corporate Defendants during the times relative to the allegations contained within this Complaint.

26. Defendant JOSEPH NOTARO is an agent of the Corporate Defendants during the times relative to the allegations contained within this Complaint.

27. Defendant JOSEPH NOTARO has power over all personnel decisions at the Corporate Defendants during the times relative to the allegations contained within this Complaint.

28. Defendant JOSEPH NOTARO has power over all payroll decisions at the Corporate Defendants during the times relative to the allegations contained within this Complaint.

29. Defendant JOSEPH NOTARO has power to hire and fire employees at the Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records, during all times relative to the allegations contained within this Complaint.

30. During all relevant times herein, Defendant JOSEPH NOTARO was Plaintiffs' employer within the meanings of the FLSA and NYLL.

31. Upon information and belief as of in or around 2017, Defendant JOSE LEON became an owner and an chief executive officer of the Corporate Defendants.

32. Defendant JOSE LEON is the owner and executive officer of the Corporate Defendants.

33. As of in or around 2017, Defendant JOSE LEON is an agent of the Corporate Defendants.

34. As of in or around 2017, Defendant JOSE LEON has power over personnel decisions at the Corporate Defendants.

35. As of in or around 2017, Defendant JOSE LEON has power over the payroll decisions at the Corporate Defendants.

36. As of in or around 2017, Defendant JOSE LEON has the power to hire and fire employees at the Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.

37. From in or around 2017 to present, Defendant JOSE LEON is Plaintiffs' employer within the meanings of the FLSA and NYLL.

38. On information and belief, 1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN VILLAGE PIZZA is at present and has been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

39. On information and belief, FAMOUS ITALIAN VILLAGE INC. d/b/a ITALIAN VILLAGE PIZZA is at present and has been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

40. On information and belief, JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA is at present and has been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

41. Upon information and belief, the Corporate Defendants functioned as a single integrated enterprise during Plaintiffs' work for the Defendants, and were jointly responsible for hiring, firing, and supervising Plaintiffs, and were jointly responsible for setting the wages of Plaintiffs and paying Plaintiffs – to the extent they were actually compensated by the Defendants.

## FACTUAL ALLEGATIONS
### RELEVANT STATUTORY PERIOD

42. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed in December 2020. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompass the entirety of the period spanning December 2014 through the present ("relevant statutory period.").

### EUSEBIO RAMIREZ

43. Plaintiff EUSEBIO RAMIREZ has been employed by the Defendants from in or around January 1995 to the present.

44. Throughout Plaintiff EUSEBIO RAMIREZ' employment with the Defendants, Plaintiff's primary duties consisted of taking over-the-counter orders from customers, preparing the food and the orders, performing kitchen staff work, performing other related miscellaneous duties for the Defendants from in or around January 1995 to the present.

45. During the relevant statutory period, Plaintiff EUSEBIO RAMIREZ worked approximately eleven (11) hours per day, and six (6) or seven (7) days per week for Defendants.

46. During the relevant statutory period, Plaintiff EUSEBIO RAMIREZ worked approximately sixty-six (66) to seventy-seven (77) hours per week for Defendants.

47. During the relevant statutory period, Plaintiff EUSEBIO RAMIREZ was paid by Defendants approximately $680.00 per week for each workweek during which Plaintiff worked six (6) days; or approximately $750.00 per week for each workweek during which Plaintiff worked seven (7) days.

48. Although Plaintiff EUSEBIO RAMIREZ worked approximately sixty-six (66) to seventy-seven (77) hours per week for Defendants during the relevant statutory period, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for all hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Furthermore, although Plaintiff EUSEBIO RAMIREZ worked shifts consisting of more than ten (10) consecutive hours of work per day, six (6) or seven (7) days per week during the relevant statutory period, Defendants did not pay Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each day Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

**IGNACIO GALENO**

50. Plaintiff IGNACIO GALENO has been employed by the Defendants from in or around June 2010 to present.

51. Throughout Plaintiff IGNACIO GALENO's employment by the Defendants, Plaintiff's primary duties have consisted of, among other things, performing deliveries, cleaning, and performing other related miscellaneous duties for Defendants, including, taking orders from customers, preparing food, and performing other kitchen staff work for Defendants.

52. During the relevant statutory period, Plaintiff IGNACIO GALENO was paid:

  i.   in 2014, approximately $650.00 per week;

  ii.   in 2015, approximately $650.00 per week;

  iii.   in 2016, approximately $650.00 per week;

  iv.   in 2017, approximately $800.00 per week;

  v.   in 2018, approximately $800.00 per week;

  vi.   in 2019, approximately $850.00 per week; and

  vii.   in 2020, approximately $150.00 per day.

53. During the relevant statutory period, Plaintiff IGNACIO GALENO performed work:

  i.   approximately fifty-five (55) hours or more per week from in or around December 2014 until in or around November 2019; and

  ii.   approximately sixty-six (66) hours or more per week from in or around November 2019 to in or around the present time.

54. Although Plaintiff IGNACIO GALENO has worked approximately fifty-five (55) hours or more hours per week, or, sixty-six (66) hours or more per week for Defendants during the relevant statutory period, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for his hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Furthermore, although Plaintiff IGNACIO GALENO worked/works shifts consisting of more than ten (10) consecutive hours of work per day during the relevant statutory period, Defendants did not pay Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each day Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

### JOSE BASURTO-VAZQUEZ

56. Plaintiff JOSE BASURTO-VAZQUEZ has been employed by the Defendants from in or around February 2012 to present.

57. Throughout Plaintiff JOSE BASURTO-VAZQUEZ' employment by the Defendants, Plaintiff's primary duties have consisted of, among other things, cleaning the entire kitchen, performing deliveries, and performing other related miscellaneous duties for Defendants, including sometimes taking orders from customers, preparing food, and performing other kitchen staff work for Defendants.

58. During the relevant statutory period, Plaintiff JOSE BASURTO-VAZQUEZ was paid:

    i.   in 2014, approximately $420.00 per week;

    ii.   in 2015, approximately $420.00 per week;

    iii.   in 2016, approximately $420.00 per week;

    iv.   in 2017, approximately $420.00 per week;

    v.   in 2018, approximately $420.00 per week;

    vi.   in 2019, approximately $600.00 per week;

    vii.   in January and February 2020, approximately $600.00 per week;

    viii.   from April 2020 through September 2020, no salary whatsoever; and

    ix.   October 2020 to present, approximately $100.00 per day.

59. Defendants failed to pay Plaintiff JOSE BASURTO-VAZQUEZ for any of the work Plaintiff performed for the Defendants from April 2020 through September 2020.

60. From 2014 to January and February 2020, Plaintiff worked sixty-six (66) hours or more per week for Defendants. In March 2020, Plaintiff did not work. From April 2020 to September 2020, Plaintiff worked thirty-three (33) hours or more per week for Defendants.

61. From October 2020 to present, Plaintiff has been performing work for Defendants forty-four (44) hours or more per week for Defendants.

62. However, the Defendants failed to pay Plaintiff JOSE BASURTO-VAZQUEZ the legally prescribed minimum wage for all his hours worked from in or around 2017 to in or around 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

63. Moreover, Defendants did not pay Plaintiff JOSE BASURTO-VAZQUEZ at a rate of time and a half (1.5) for his hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Furthermore, although Plaintiff JOSE BASURTO-VAZQUEZ worked shifts consisting of over ten (10) consecutive hours of work per day during the relevant statutory period, Defendants did not pay Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each such day that Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

### JORGE LUIS VILLA MEDEL

65. Plaintiff JORGE LUIS VILLA MEDEL was employed by the Defendants from in or around February 2019 to in or around March 2020.

66. Throughout Plaintiff JORGE LUIS VILLA MEDEL's employment by the Defendants, Plaintiff's primary duties consisted of, among other things, cleaning the kitchen and counters, preparing food, performing deliveries, and performing other related miscellaneous duties for Defendants from in or around February 2019 to in or around March 2020.

67. Throughout Plaintiff JORGE LUIS VILLA MEDEL's employment by the Defendants, Plaintiff JORGE LUIS VILLA MEDEL was paid approximately $400.00 per week.

68. Throughout Plaintiff JORGE LUIS VILLA MEDEL's employment by the Defendants, Plaintiff JORGE LUIS VILLA MEDEL worked approximately six (6) days or more per week, and approximately fifty-four (54) hours per week from in or around February 2019 to in or around March 2020.

69. Although Plaintiff JORGE LUIS VILLA MEDEL worked approximately fifty-four (54) hours or more hours per week throughout his employment by Defendants, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for his hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL

70. Furthermore, although Plaintiff JORGE LUIS VILLA MEDEL sometimes worked shifts consisting of over ten (10) consecutive hours of work per day, Defendants did not pay

Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each such day that Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

## JOSE EDWIN MENDEZ

71. Plaintiff JOSE EDWIN MENDEZ was employed by the Defendants from in or around September 2016 to in or around March 2020.

72. Throughout Plaintiff JOSE EDWIN MENDEZ' employment by the Defendants, Plaintiff's primary duties consisted of, among other things, performing deliveries, cleaning the kitchen and counters, preparing food, and performing other related miscellaneous duties for Defendants from in or around September 2016 to in or around March 2020.

73. Plaintiff JOSE EDWIN MENDEZ was paid by Defendants:

     i.   in 2016, approximately $300.00 or $350.00 per week;

     ii.   in 2017, approximately $400.00 per week;

     iii.   in 2018, approximately $400.00 per week;

     iv.   in 2019, approximately $400.00 per week; and

     v.   from January 2020 through March 2020, approximately $400.00 per week.

74. Plaintiff JOSE EDWIN MENDEZ worked for the Defendants approximately sixty (60) hours or more per week from in or around September 2016 to in or around March 2020.

75. However, for approximately five (5) months, from approximately June 2019 through October 2019, Plaintiff JOSE EDWIN MENDEZ was paid $450.00 per week for taking on additional responsibilities including food preparation work. However, Plaintiff JOSE EDWIN MENDEZ still worked approximately sixty (60) hours or more per week during this time. In November 2019, Plaintiff JOSE EDWIN MENDEZ' salary returned to $400.00 per week.

76. Although Plaintiff JOSE EDWIN MENDEZ worked for Defendants approximately sixty (60) hours or more hours per week for the Defendants, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

77. Furthermore, Defendants failed to pay Plaintiff JOSE EDWIN MENDEZ the legally prescribed minimum wage for all his hours worked from in or around September 2016 to in or

around March 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

### BERNARDO CASTILLO ZAMORA

78. Plaintiff BERNARDO CASTILLO ZAMORA was employed by the Defendants from in or around January 2016 until in or around November 2019.

79. Throughout Plaintiff BERNARDO CASTILLO ZAMORA's employment by the Defendants, Plaintiff's primary duties consisted of, among other things, cleaning the kitchen and counters, preparing food, performing deliveries, cleaning the kitchen and counters preparing the food and orders, and performing other related miscellaneous duties for the Defendants from in or around January 2016 until in or around November 2019.

80. Plaintiff BERNARDO CASTILLO ZAMORA was paid by the Defendants:

       i.   in 2016, approximately $300.00  per week;

      ii.   in 2017, approximately $300.00  per week;

    iii.   in 2018, approximately $400.00  per week; and

    iv.   in 2019, approximately $450.00  per week.

81. Plaintiff BERNARDO CASTILLO ZAMORA worked for Defendants approximately sixty (60) hours or more hours per week from in or around January 2016 to in or around November 2019.

82. Although Plaintiff BERNARDO CASTILLO ZAMORA worked for Defendants approximately sixty (60) hours or more hours per week from in or around January 2016 to in or around November 2019, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

83. Moreover, although Plaintiff BERNARDO CASTILLO ZAMORA worked shifts consisting of over ten (10) consecutive hours of work per day, six (6) days or more per week, Defendants did not pay Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each such day that Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

84. Furthermore, Defendants failed to pay Plaintiff BERNARDO CASTILLO ZAMORA the legally prescribed minimum wage for all his hours worked from in or around January 2016

until in or around November 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

**JAIME AGUDO**

85. Plaintiff JAIME AGUDO was employed by the Defendants from in or around January 2001 to in or around November 2019.

86. Throughout Plaintiff JAIME AGUDO's employment by the Defendants, Plaintiff's primary duties consisted of, among other things, operating as a cashier, taking orders, preparing and cooking food, and performing other related miscellaneous duties for the Defendants from in or around January 2001 to in or around November 2019.

87. During the relevant statutory period, Plaintiff JAIME AGUDO was paid:

    i.   approximately $6.50 per hour from in or around December 2014 until in or around December 2017; and

    ii.  approximately $600.00 per week from in or around January 2018 until in or around November 2019.

88. During the relevant statutory period, Plaintiff JAIME AGUDO performed work for the Defendants approximately sixty-six (66) hours or more hours per week.

89. Although Plaintiff JAIME AGUDO worked for Defendants approximately sixty-six (66) hours or more hours per week during the relevant statutory period, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

90. Furthermore, although Plaintiff JAIME AGUDO worked shifts consisting of over ten (10) consecutive hours of work per day, six (6) days or more per week during the relevant statutory period, Defendants did not pay Plaintiff one (1) additional hour of pay at the basic minimum hourly rate for each such day that Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

91. Moreover, the Defendants failed to pay Plaintiff JAIME AGUDO the legally prescribed minimum wage for all his hours worked from in or around December 2014 until December 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

### FRANCISCO MERINO

92. Plaintiff FRANCISCO MERINO has been employed by the Defendants from in or around September 1999 to the present.

93. Throughout Plaintiff FRANCISCO MERINO's employment by Defendants, Plaintiff's primary duties consisted of, among other things, performing deliveries, cleaning the kitchen and counters, preparing food, taking orders, covering the job functions of other employees as necessary, and performing other related miscellaneous duties for the Defendants from in or around September 1999 to the present.

94. During the relevant statutory period, Plaintiff FRANCISCO MERINO was paid:

      iii.  in 2014, approximately $350.00 per week;

      iv.  in 2015, approximately $450.00 per week;

      v.  in 2016, approximately $480.00 per week;

      vi.  in 2017, approximately $750.00 per week;

      vii.  in 2018, approximately $900.00 per week;

      viii.  in 2019, approximately $950.00 per week; and

      ix.  in 2020, approximately $1,200.00 per week.

95. During the relevant statutory period, Plaintiff FRANCISCO MERINO worked weeks consisting of six (6) days per week, or seven (7) days per week. Whether Plaintiff FRANCISCO MERINO worked six (6) days, or seven (7) days, per week depended on Defendants' instructions to Plaintiff and upon the Defendants' volume and business needs.

96. During the relevant statutory period, Plaintiff FRANCISCO MERINO performed work for Defendants:

      ii.    approximately seventy-two (72) hours or more per week during weeks in which he worked six (6) days; and/or

      iii.    approximately eighty-four (84) hours or more per week during weeks in which he worked seven (7) days.

97. Although Plaintiff FRANCISCO MERINO performed work for the Defendants approximately seventy-two (72) or eighty-four (84) hours or more per week during the relevant statutory period, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for all hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

98. Furthermore, although Plaintiff FRANCISCO MERINO worked shifts consisting of over ten (10) consecutive hours of work per day, six (6) or seven (7) days per week during the relevant statutory period, Defendants never paid Plaintiff for an additional hour of pay at the basic minimum hourly rate for each such day that Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R.§ 146-1.6.

## WAGE NOTICE AND WAGE STATEMENTS VIOLATIONS RELEVANT AS TO ALL PLAINTIFFS

99. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the premises at the location of their employment as required by both the NYLL and the FLSA.

100.   Upon information and belief, Defendants willfully failed to record accurate payroll records as required by both NYLL and the FLSA.

101.   Upon information and belief, Defendants willfully failed to maintain contemporaneous wage and payroll records as required by the NYLL and the FLSA.

102.   As a result of these willful violations of Federal and New York State labor laws, the Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies that this Court deems appropriate or equitable.

## COLLECTIVE ACTION ALLEGATIONS

103.   Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the "collective class."

104.   Collective Class: All persons who are or have been employed by the Defendants as a delivery driver, cleaner, food preparer, order taker, cook, cleaner, dishwasher, stocker, cashier, or other similarly titled personnel performing substantially similar job requirements and/or pay provisions, who were performing the same sort of functions for the Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and minimum wage compensation.

105.    Upon information and belief, Defendants employed approximately 50 or more employees within the relevant time period who were subjected to similar payment structures.

106.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty (40) hours per week without appropriate overtime compensation.

107.    Upon information and belief, Defendants failed to pay Plaintiffs and the Collective Class their legally prescribed minimum wage for all hours worked in blatant violation of the minimum wage provisions contained in the FLSA, NYLL and its regulations.

108.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

109.    Defendants had knowledge that Plaintiffs and the Collective Class were performing work requiring overtime pay.

110.    The Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

111.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have similarly been denied overtime pay in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

112.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

113.    The claims of Plaintiffs are typical of the claims of the putative class.

114.    Plaintiffs through counsel will fairly and adequately protect the interests of the putative class.

115.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

116.    Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Causes of Action enumerated

below on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All cooks, cleaners, dishwashers, food preparers, cashiers, order takers, delivery drivers, stockers, cashiers, and personnel who are currently or have been employed by Defendants and/or who worked for the Defendant(s) greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time, without receiving minimum wage compensation, and/or without receiving spread of hours compensation during the relevant statutory period (hereinafter referred to as the "New York Class Period").

117.    The persons in the New York Class are so numerous that joinder of all the members is impracticable. Though the precise number of such persons is currently unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 50 members, or more, of the New York Class during the New York Class Period.

118.    There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including, but not limited to:

a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

b. Whether Defendants failed to pay a legally prescribed minimum wage for all hours of work in violation of the minimum wage provisions contained in the FLSA, NYLL, and related regulations;

c. Whether Plaintiffs worked over ten (10) hours without receiving spread of hours compensation for each day Plaintiffs worked over ten (10) hours per day;

d. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

e. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

f. Whether Defendants' policy of failing to pay workers was instituted willfully or in reckless disregard of the law;

g. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

h. Whether Defendants should be enjoined from engaging in future violations.

119.   The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

120.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

121.   Further, the New York Class Representative and the New York Class have been equally affected by the Defendants' failure to pay overtime wages and proper minimum wages. Moreover, members of the New York Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

122.   Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

123.   Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

124.   The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under The Fair Labor Standards Act**

125.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

126.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

127.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

128.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

129.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. § 206(a) in violation of 29 U.S.C. § 207(a)(1).

130.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

131.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  § 216(b).

**SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

132.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

133.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

134.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law § 652 in violation of 12 N.Y.C.R.R. 137-1.3.

135.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law § 198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

136.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

137.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. § 206(a).

138.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

139.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

140.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

141.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

142.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

143.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law § 198 (1-a).

## FIFTH CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

144.   Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

145.   Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

146.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

147.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

148.   Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§ 201, 202 and 203.

149.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

150.   Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

151.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

## SIXTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

152.   Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

153.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

154.   At all times relevant to this action, Defendants were employers within the meaning of NYLL.

155.   Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

156.   Defendants also failed to pay Plaintiffs the required minimum wage which Plaintiffs were entitled per NYLL § 652, in violation of 12 N.Y.C.R.R. § 137-1.3; **§ 146-1.2.**

157.   Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL § 198 (1-a).

## SEVENTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

158.   Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

159.   Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 146-1.6.

160.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants for their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## EIGHTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

161.   Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

162.   Defendants failed to provide Plaintiffs with a written notice in English, and in Spanish, the Plaintiffs' primary language, of Plaintiffs' rate of pay, regular pay day, and such other written information as required by NYLL § 195(1); 12 N.Y.C.R.R. § 146-2.2.

163.   Defendants are liable to each of the Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

164.    Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

165.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

166.    Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.    Awarding Plaintiffs unpaid overtime wages;

c.    Awarding Plaintiffs unpaid minimum wages;

d.    Awarding Plaintiffs unpaid spread of hours compensation;

e.    Awarding Plaintiffs unpaid wages;

f.    Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.    Awarding Plaintiffs statutory damages;

h.    Awarding Plaintiffs prejudgment and post-judgment interest;

i.    Awarding Plaintiffs the costs of this action together with an award of reasonable attorneys' fees; and

j.    Awarding such other and further relief as this Honorable Court deems proper, just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  This 24th day of December 2020.

Roman Avshalumov, Esq.
**Helen F. Dalton & Associates, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Tel.: (718) 263-9591
Fax: (718) 263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          CIVIL ACTION_____

EUSEBIO RAMIREZ, IGNACIO GALENO, JOSE
BASURTO-VAZQUEZ, JORGE LUIS VILLA MEDEL,
JOSE EDWIN MENDEZ, BERNARDO CASTILLO
ZAMORA, JAIME AGUDO, and FRANCISCO MERINO,
individually, and on behalf of all others similarly situated,

Plaintiffs,

-against-

1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN
VILLAGE PIZZA, FAMOUS ITALIAN VILLAGE INC.
d/b/a ITALIAN VILLAGE PIZZA, JGL RESTAURANT
CORP. d/b/a ITALIAN VILLAGE PIZZA, and JOSEPH
NOTARO, and JOSE LEON, as individuals,

Defendants.

## SUMMONS & CLASS/COLLECTIVE ACTION COMPLAINT

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Tel.: (718) 263-9591
Fax: (718) 263-9598

**1494 FIRST AVE RESTAURANT CORP d/b/a ITALIAN VILLAGE PIZZA**
1494 1ST AVENUE #1, NEW YORK, NEW YORK, 10075

**FAMOUS ITALIAN VILLAGE INC. d/b/a ITALIAN VILLAGE PIZZA**
1526 1ST AVENUE, NEW YORK, NEW YORK, 10075

**JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA**
23-45 92 STREET EAST ELMHURST, NEW YORK, 11369

**JOSEPH NOTARO,**
1494 1ST AVENUE #1, NEW YORK, NEW YORK, 10075
1526 1ST AVENUE, NEW YORK, NEW YORK, 10075

**JOSE LEON**
1494 1ST AVENUE #1, NEW YORK, NEW YORK, 10075
1526 1ST AVENUE, NEW YORK, NEW YORK, 10075